FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 08 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Christine Lawrence,                           ) JURY TRIAL DEMAND
                                              )
                    Plaintiff,                )
                                              ) Case No.
v.                                            )
                                              )   **1:25-CV-0082**
BANK OF AMERICA CORPORATION                   )
                    Defendants.               )

## COMPLAINT AND JURY DEMAND

This is a civil action for actual damages, statutory damages and punitive damages brought by Christine Lawrence (Plaintiff), an individual consumer, against Defendant, Bank of America Corporation (hereinafter "Bank of America") for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. (hereinafter "FCRA").

### I. PRELIMINARY STATEMENT

1. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports, directly impair the efficiency of the banking system and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the FCRA to ensure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy.

2. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality and a respect for the consumers right to privacy, because consumer

1

reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

3. The FCRA protects consumers through a tightly wound procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the Credit industry's desires to base credit decisions on accurate information and a consumer's substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

4. Plaintiff brings this action against Bank of America Corporation, for willful and /or negligent violations of the FCRA, specifically 15 U.S.C. § 1681s-2(b), which outlines the duties furnishers of information upon notice of a consumer's dispute.

## II.  JURISDICTION AND VENUE

5. This is an action to enforce liability under the FCRA.
6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.
7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions given rise to Plaintiff's claims occurred in this District.

## III.  PARTIES

8. Christine Lawrence ("Plaintiff") is an individual.
9. Plaintiff is a natural person.
10. Plaintiff is a resident of Dekalb County, Georgia.
11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

12. Plaintiff is a Health Care Manager in Atlanta and a Lay Member of Clergy seeking licensing in the United Methodist Church.

13. Plaintiff relies on her credit rating for many personal and the success of licensing approval.

14. Upon information and belief, Defendant's physical address, is 100 North Tryon Street Charlotte, NC 28255.

15. Upon information and belief, Defendant 'registered agent address is CT Corporation System Company at 160 Mine Lake Court, Suite 200, Raleigh, NC 27615.

16. Bank of America is a national bank and subsidiary of Bank of America Corporation, headquartered in Charlotte, North Carolina. As of September 30, 2024, Bank of America had $2.57 trillion in consolidated total assets, making it an insured depository institution with assets greater than $10 billion within the meaning of 12 U.S.C. § 5515(a).

17. Defendant is a "insured depository institution with assets greater than $10 billion" as defined by 12 U.S.C. § 5515(a).

18. Upon information and belief, Defendant (Bank of America) are "Furnishers of Information" which the meaning of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b).

19. Defendants (Bank of America) are furnishers of information to TransUnion, Equifax and Experian, "consumer reporting agencies that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a (p).

3

## IV.   Facts

20. On or about February 25th, 2024, Plaintiff discovered inaccuracies on her tradelines on all Credit Reports, TransUnion, Equifax and Experian.

21. In dispute are several discrepancies pertaining to the Bank of America Account 44400660928933745 such as number of days late, balance, balance update, recent payment and terms.

22. The trade line information furnished by the Defendant to the Consumer Reporting Agencies on Plaintiff is false, inaccurate and unverifiable.

23. Due to the inaccurate information furnished to the Credit Reporting Agencies, the FICO score was lowered.

24. On or about, March 22, 2024, Plaintiff mailed a letter to TransUnion, LLC ("TransUnion"), Equifax Information Services LLC ("Equifax"), and Experian Information Solutions, LLC ("Experian") to dispute the accuracy and completeness of the information furnished by the defendant, pursuant to 15 U.S.C. § 1681i(a).

25. Plaintiff's dispute letters to Defendant were mailed on or about March 22, 2024, via United States Postal Service Certified Mail, USPS Tracking # 9589 0710 5270 0851 4684 38.

26. A true and correct copy of the U.S.P.S. mailing label, redacted dispute letters, and electronic delivery confirmation proof are attached hereto and incorporated herein.

27. The letter sent to the Defendant **(Plaintiff's Exhibit A)** demonstrates that the Plaintiff disputed the accuracy and completeness of what she saw when viewing her Credit Reports from the Credit reporting Agencies.

28. Plaintiff reviewed her tradelines in the first week of September 2024, and no corrections has been updated

29. Plaintiff's dispute letters to Defendant were mailed on or about October 3, 2024, via United States Postal Service Certified Mail, USPS Tracking # 9589 0710 5270 1412 4748 20.

30. A true and correct copy of the U.S.P.S. mailing label, redacted dispute letters, and electronic delivery confirmation proof are attached hereto and incorporated herein.

31. Plaintiff again sent a certified letter outlining the inaccuracies. **(see Plaintiff's Exhibit B)**

32. Plaintiff's reinvestigation letters were sent to all three Credit reporting agencies (Experian, Equifax and TransUnion on or about October **3 (see Plaintiff's Exhibit C)**

33. Plaintiff's reinvestigation letter to Defendant was also sent on October 3 **(see Plaintiff's Exhibit C)**

34. The Defendant provided no explanation on how they determined the data to be complete and accurate.

35. Plaintiff reviewed her tradelines on October 10, 2024, and no corrections has been updated **(see Plaintiff's Exhibit D)**

36. The Plaintiff received reinvestigation results in which the Defendant verified the information but did not mark the account as disputed or provide account-level documentation as required under 15 U.S.C. § 1681s-2(b)(1) **(see Plaintiff's Exhibit E)**

37. Defendant received Plaintiff's dispute letters via mail on March 29, 2024, 12:15 pm **(see Plaintiff's Exhibit A)**

38. Defendant received Plaintiff's dispute letters via mail on October 9, 2024, 7: 39 **(see Plaintiff's Exhibit B)**

39. Defendant is in possession of the Plaintiff's home mailing address.

40. Defendant is in possession of Plaintiff's telephone number.

41. Defendant is in possession of Plaintiff's email address.

42. Upon receiving Plaintiff's dispute letters dated March 29, 2024, Defendant, intentionally failed to investigate the information disputed within 30 days of receipt of Plaintiff's disputes.

43. Upon receiving Plaintiff's dispute letters dated October 9, 2024, Defendant, negligently failed to investigate the information disputed within 30 days of receipt of Plaintiff's disputes.

44. Defendant failed to contact Plaintiff with any questions concerning Plaintiff's disputes or the requested actions that Plaintiff commanded Defendant to take with the subject files.

45. Plaintiff in its dispute letters to Defendant that are the subject of this action requested a description of Defendant's reinvestigation procedure.

46. To date, Defendant has not provided Plaintiff with a description of its reinvestigation procedure with respect to Plaintiff's disputes herein that are the subject of this action.

47. Plaintiff has spent significant time and effort working to resolve these issues with Defendant.

48. Plaintiff's time spent dealing with these issues with Defendant costs Plaintiff time away from work that she performs daily at the billable rate of $65.00 per hour.

49. Plaintiff has had to spend money and incur costs for mailing correspondence to Defendant.

50. Furthermore, Plaintiff has been upset, distressed, and worried about these issues.

51. Due to the Defendant's willful and noncompliant negligence in reporting inaccurate and incomplete data on her credit reports, the Plaintiff has lost credit opportunities and had her credit applications denied, including a line of credit from United Services Automobile Association, (USAA) **(see Plaintiff's Exhibit F).**

52. The Plaintiff's progress in the ministerial licensing program has been stalled due to inaccurate credit reporting.

53. The tradeline inaccuracies negatively impacted her creditworthiness. The licensing requirement for the North Georgia Conference of the United Methodist Church
54. mandates candidates to have a credit score of 640 or higher to be considered for licensing (**see Plaintiff's Exhibit G).**
55. The Defendant furnished inaccurate and incomplete data, which led to the denial of the Plaintiff's application for a local pastor license **(see Plaintiff's Exhibit H)**

## V.     FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681s-2(b)

56. Plaintiff realleges and incorporates paragraphs 1 through 55 above as if fully set out herein.
57. Defendant violated 15 U.S.C. § 1681s-2 by neglecting their responsibilities as a furnisher to consider all relevant information forwarded to the Consumer Reporting Agencies, including Equifax, Experian and TransUnion when notified of the Plaintiff's dispute.
58. The Defendant caused harm by performing the most common breaches in the assurance of accuracy of data by not furnishing accurate data to the credit reporting agencies.
59. Inadequate communication and lack of verification with Plaintiff when account level documentation and reinvestigation documentation was requested.
60. Defendant not furnishing same data to all Credit Reporting Agencies.
61. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered severe emotional stress including anxiety, stress, sleeplessness, and feelings of hopelessness and embarrassment. The undue strain caused by Defendant's conduct has taken a heavy toll on the Plaintiff's mental well-being, affecting her personal relationships and overall quality of life. The emotional impact was so severe that the Plaintiff sought the council of her Primary care Physician and

her Pastor to help her cope with trauma and distress caused by Defendants actions **(see Plaintiff's Exhibit I).**

62. Defendant's conduct, action, and/or inaction was willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

63. Defendant's conduct, action, and/or inaction was willful, rendering Defendant liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

64. In the alternative, Defendant's conduct, action, and/or inaction was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

## VI.   SECOND CLAIM FOR RELIEF
*15 U.S.C. § 1681s-2(b)(1)(C)*

65. Plaintiff realleges and incorporates paragraphs 1 through 64 above as if fully set out herein.

66. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report accurate information to the Consumer Reporting Agencies on multiple occasions by failing to delete inaccurate information in Plaintiff's consumer report or credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the respective Credit Reporting Agencies concerning Plaintiff; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer report or credit file.

67. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage by expended costs and expenses in dealing with these issues, loss of credit, loss of ability to purchase and benefit from credit, and mental and emotional pain and anguish and humiliation and embarrassment of credit denials.

68. Defendant's conduct, action, and/or inaction was willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

69. In the alternative, Defendant's conduct, action, and/or inaction was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that a judgment be entered against Defendant for:

- An award of actual and statutory damages against Defendant for violations of FCRA pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o:

- An award of punitive damage against Defendant for its willful non-compliance with the FCRA pursuant to 15 U.S.C. § 1681n; and such other and further relief as the Court may deem just and proper.

Christine Lawrence

Dated: January 8, 2025

3341 PineHill Drive, Decatur Ga. 30032
Tel: 678-993-9201
Email: kccglove514@gmail.com
PLAINTIFF (*pro se*)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Christine Lawrence, | ) **JURY TRIAL DEMAND** |
| | ) |
| Plaintiff, | ) |
| | ) **Case No.** |
| v. | ) |
| | ) |
| BANK OF AMERICA CORPORATION | ) |
| Defendants. | ) |

### Plaintiff's Exhibit List

**Plaintiff's Exhibit A**: U.S.P.S. mailing label, redacted dispute letters, and electronic delivery confirmation proof for the letter sent to the Defendant on March 22, 2024.

**Plaintiff's Exhibit B**: U.S.P.S. mailing label, redacted dispute letters, and electronic delivery confirmation proof for the letter sent to the Defendant on October 3, 2024.

**Plaintiff's Exhibit C**: Reinvestigation letters sent to all three Credit Reporting Agencies (Experian, Equifax, and TransUnion) on or about October 3, 2024.

**Plaintiff's Exhibit D**: Evidence showing that no corrections were updated on Plaintiff's tradelines as of October 10, 2024.

**Plaintiff's Exhibit E**: Reinvestigation results received by the Plaintiff, indicating that the Defendant verified the information but did not mark the account as disputed or provide account-level documentation.

**Plaintiff's Exhibit F**: Evidence of the denial of a line of credit from United Services Automobile Association (USAA) due to inaccurate credit reporting.

**Plaintiff's Exhibit G**: Licensing requirement for the North Georgia Conference of the United Methodist Church, mandating candidates to have a credit score of 640 or higher.

**Plaintiff's Exhibit H**: Evidence of the denial of the Plaintiff's application for a local pastor license due to inaccurate credit reporting.

**Plaintiff's Exhibit I**: Evidence of the Plaintiff seeking counsel from her Primary Care Physician and Pastor due to the emotional distress caused by the Defendant's actions.